[Civ. No. 2424. Second Appellate District.—January 12, 1918.]

## LEROY ARMSTRONG, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT — CARPENTER IN CONSTRUCTION OF DWELLING — NATURE OF EMPLOYMENT. — A carpenter employed for about three months on day wages in the erection of a dwelling-house for his employer is entitled, under the Workmen's Compensation Act, to compensation for injuries received, since his employment is not both casual and out of the usual course of the trade, business, profession, or occupation of his employer.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Kuster & Salisbury, for Petitioner.

Christopher M. Bradley, for Respondents.

CONREY, P. J.—On writ of review to determine the validity of an award made by respondent commission.

Thomas V. Hardwick was employed by the petitioner Leroy Armstrong to work as a carpenter on day wages in the erection of a dwelling-house to be occupied by the employer and his family. After Hardwick had been so employed for about

three months, and while he was engaged in work on the employer's house, an accident occurred whereby Hardwick received the injuries for which compensation has been awarded. It is admitted by respondent that the employment of Hardwick was not in the usual course of the trade, business, profession, or occupation of the employer. Respondent contends, however, that the employment was not "casual" within the meaning of the Workmen's Compensation Act, and that, therefore, the liability exists. This contention covers the only question for determination in this proceeding.

Section 14 of the Workmen's Compensation, Insurance and Safety Act, in its definition of the word "employee," as used in that act, excludes therefrom "any person whose employment is both casual and not in the usual course of the trade, business, profession, or occupation of his employer." That clause was considered by this court in *Blood* v. *Industrial Acc. Comm.*, 30 Cal. App. 274, [157 Pac. 1140], where we referred to decisions from other jurisdictions where the same subject was under consideration. In that case the claimant was employed at a daily wage to apply two coats of paint to a two-story frame building at that time occupied by the owner. The employment was not for any definite period of time, but the evidence showed that the work would reasonably have been done within two weeks. After entering upon his work the claimant was accidentally injured while engaged in the work. This court held that the employment was casual, and as it was also not in the usual course of any business of the employer, the award was annulled. In *Maryland Casualty Co.* v. *Pillsbury,* 172 Cal. 748, [158 Pac. 1031], the claimant was employed by the day to repair a farm tractor. On his behalf argument was made that the employment was permanent as being "for an indefinite period which may be severed by either party." The court replied that this definition of permanent employment did not fit the hiring of the claimant Snow, who was employed by the day. "There was nothing indefinite about it, except the time which might be consumed in making the necessary repairs on the tractor, but, nevertheless, Snow was hired for the definite period reasonably necessary for the fixing of that particular machine." Held, that the employment was "casual" in the sense of being "incidental" and "occasional"—that being undoubtedly the definition of the word as used in the statute. In *Miller &*

*Lux, Inc.,* v. *Industrial Acc. Comm.,* 32 Cal. App. 250,
[162 Pac. 651], we have the opinion of the first district court
of appeal upon the same question illustrated by somewhat
different facts.    There the claimant was employed as a car-
penter and as the foreman in charge of the construction of a
"fourteen-room cottage" located upon the land of the em-
ployer.    After having continued in this employment for a
period of fifty-seven days, and while so employed, the claim-
ant suffered the accidental injury for which compensation
was awarded to him by the commission.    After a statement of
the facts, the court held that the applicant's employment was
neither casual nor out of the usual course of business of the
employer, and the award was affirmed.    The court said: "The
cases collected with much industry and cited by counsel for
the petitioner will, when analyzed, show that the rule de-
pended in each case upon its particular state of facts; and
that as to these facts they may each be easily differentiated
from the case at bar.    To hold that the applicant's employ-
ment to act as foreman over a number of other carpenters
in the erection of a fourteen-room building, involving an en-
gagement of several months of regular and daily recurring
labor, to be 'casual' would, in our opinion, restrict the opera-
tion of the statute beyond its reasonable and liberal interpre-
tation."    In Michigan the Workmen's Compensation Act
(Pub. Acts Mich. 1912 [Ex. Sess.], No. 10) does not include
in its benefits any person whose employment is but casual.
An instructive case under that statute is *Dyer* v. *James Black
Masonry & Contracting Co.,* 192 Mich. 400, [158 N. W. 959].
The employer was the principal contractor engaged in the
construction of a building in the city of Detroit.    Finding it
necessary to have some person to look after the delivery of
glass at the building and see to the unloading of the glass,
the employer arranged with the claimant Dyer to do this
work from time to time as the glass arrived.    The claimant
was injured while thus employed.    In that case some of the
principal decisions are referred to, including those relied
upon by us in *Blood* v. *Industrial Acc. Comm.,* 30 Cal. App.
274, [157 Pac. 1140].    It was held that the employment of
the claimant was not casual.

With respect to this particular question, we think that the
case of *Miller & Lux, Inc.,* v. *Industrial Acc. Comm., supra,*
is closely like the case at bar, and the language which we have

quoted from that decision is applicable here. Our own decision in *Blood* v. *Industrial Acc. Comm., supra,* does not necessarily conflict with this conclusion. The claimant there was employed to do work which was in the nature of repairs to an existing building. The claimant was employed at a fixed rate per day, but his contract was one of employment for the entire job, which was fixed and limited in its amount and in the description of the work which claimant was to do. It is not reasonably possible to set forth a hard-and-fast definition of casual employment whereby every case may be determined like a mathematical problem. It is our opinion that the award made by the commission is based upon a correct application of the statute to the facts of this case.

The award is affirmed.

James, J., and Works, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 11, 1918.