## Thomas B. Allen, Appellee, v. American Milling Company, Appellant.

### Gen. No. 6,523.

1. PLEADING, § 379*—*when case treated as if oral issue joined.* Where parties voluntarily go to trial without the completion of written issues, the case is treated as if an oral issue had been raised.

2. PLEADING, § 132*—*when replication admits averments of plea.* Where a special plea, in an action by an employee to recover damages against his employer for injuries sustained in the employment, set up that both parties were under the Workmen's Compensation Act of 1911, whereby no such action would lie, and a special replication set up that plaintiff's employment was casual and otherwise than for the employer's trade or business, whereby plaintiff under section 21 of the Act (J. & A. ¶ 5470) was not an employee within the meaning of the act, *held* that the replication admitted the averments of the plea.

3. WORKMEN'S COMPENSATION ACT, § 14*—*what is not casual employment.* Where plaintiff was injured while employed by defendant and engaged in erecting and installing machinery in an addition to defendant's plant, *held* that his employment was not "casual" within the meaning of the Workmen's Compensation Act of 1911.

4. WORKMEN'S COMPENSATION ACT, § 1*—*what constitutes trade or business of employer.* The erecting and equipping an addition to defendant's plant was within defendant's trade and business within section 21 of the Workmen's Compensation Act (J. & A. ¶ 5470), although defendant's main business was the manufacture of certain products.

5. WORKMEN'S COMPENSATION ACT, § 2*—*what constitutes acceptance by employee of.* Payment by defendant and receipt by plaintiff of a certain sum each week stated in the receipt as given and accepted as compensation under the Workmen's Compensation Act constituted an acceptance of the provisions of the act so as to bar plaintiff, under section 3 thereof, Act of 1911 (J. & A. ¶ 5451), from suing for damages on account of the injury for which such compensation was paid.

6. WORKMEN'S COMPENSATION ACT, § 5*—*when action at law may not be maintained.* Where the parties under the Workmen's Compensation Act disagreed as to the employee's ability to do certain

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

work offered him by the employer after he had been injured while in such employment and after he had been paid compensation under the act in full to a certain date, the fact of such disagreement did not restore to the employee his right to bring a common-law action to recover damages because of such injuries, but his remedy was under section 10 of the Act of 1911 (J. & A. ¶ 5459), providing that such disputes should be arbitrated.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1917. Reversed. Opinion filed February 12, 1918.

FRANK T. MILLER and JOHN M. ELLIOTT, for appellant; STEVENS, MILLER & ELLIOTT and O. P. WESTERVELT, of counsel.

WINSLOW EVANS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On December 27, 1912, Thomas B. Allen was injured while in the employ of the American Milling Company as a carpenter and millwright in doing certain parts of the work upon an addition to its plant near Peoria. On February 26, 1914, he brought this action on the case against his employer to recover damages for said injury, which in his declaration he attributed to the negligence of his employer. The company filed a plea of the general issue and an amended special plea, to which latter plea plaintiff filed a special replication. There was a jury trial and a verdict for plaintiff. A motion by defendant for a new trial was denied and plaintiff had judgment, from which defendant below appeals.

At the time of the injury the Workmen's Compensation Law of 1911 was in force. Section 3 of said Act (J. & A. ¶ 5451) begins as follows: "No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any

employee who has accepted the provisions of this act.'' The amended special plea was to the legal effect that both appellant and appellee were under the provisions of said act, and also that appellee had accepted the provisions of said act, and that therefore, under section 3, appellee could not maintain this action on the case for damages, but was confined to his remedies under said act. The plea at great length set out the facts required by said statute to bring both the parties under the provisions of said act. It also alleged that appellant paid appellee, and appellee accepted, weekly compensation under said act for several months, the number of months being stated under a *videlicet,* and therefore permitting proof of a different number of months than that stated in the plea. *Rose v. Mutual Life Ins. Co.,* 144 Ill. App. 434. The substance of the special replication was that plaintiff ought not to be precluded from having and maintaining his action by reason of anything in the amended special plea contained, because under section 21 of said Act (J. & A. ¶ 5470), persons whose employment is of a casual nature and who are employed otherwise than for the purpose of the employer's trade or business are not employees within the meaning of said act; and he alleged that at the time of his injury he was casually employed by appellant and was employed otherwise than for the purpose of the employer's trade or business. This replication ended with a verification and properly so, as it set out new matter. To complete the issues in writing a rejoinder should have been filed. The record shows that appellant obtained leave of court to join issues upon the replication after a demurrer thereto had been overruled, and the record of the court on the day of the trial recited that the issues had been joined. The case has been argued as if a rejoinder, denying the averments of the replication, had been filed, concluding to the country. One of the briefs alleges there is such a replication, but we

have been unable to find it in the record. In *Witteman Co. v. Goeke,* 200 Ill. App. 108, and in *Butler v. National Live Stock Ins. Co.,* 200 Ill. App. 280, upon a consideration of numerous authorities there cited, we held that where parties voluntarily go to trial without the completion of written issues, the case is treated as if an oral issue had been joined. Under numerous authorities, the special replication admitted the averments of the amended special plea, and set up that appellee's employment was casual and not for the purpose of the employer's trade or business, as the two matters solely relied upon to defeat the plea.

Appellant was erecting and installing its machinery in an addition to its plant. Plaintiff was employed by appellant some time in October, 1912, and was still engaged in that employment when injured on December 27, 1912. The meaning of the word "casual" in a similar connection in the Workmen's Compensation Act of 1913 was considered in *Aurora Brewing Co. v. Industrial Board of Illinois,* 277 Ill. 142 [15 N. C. C. A. 802], and many cases are there considered and discussed upon that subject. It would serve no useful purpose for us to review the cases there discussed or other cases outside of Illinois. We think it sufficient to say that in our opinion appellee's employment with appellant was not "casual" within the meaning of that decision, and therefore also was not "casual" within the meaning of that term as used in section 21 of the Act of 1911 (J. & A. ¶ 5470). We also are of the opinion that the erection and equipment of an addition to appellant's plant was within its trade and business. True, appellant's main business was the manufacture of certain products, but we conceive that erecting its plant or an addition to its plant is necessarily a part of the business. Moreover, appellant immediately began making payments to appellee of $12 per week. Appellee testified that these payments began one week after the injury, which would be the

3rd or 4th day of January, 1913. Receipts were introduced in evidence, signed by him and acknowledging these payments as made and received from February 2, 1913, to July 11, 1913, which receipts recited that they were for compensation under the Workmen's Compensation Act, and appellee testified that he received payments regularly up to the date of the first receipt. Therefore he received the payments regularly for more than six months. The course of the pleading also admitted the facts. That part of section 3 of the Act of 1911 (J. & A. ¶ 5451) above quoted denied all common-law or statutory right to recover damages for injury ''to any employee who has accepted the provisions of this act.'' Under the rule laid down in construing similar provisions in *Simpson Construction Co. v. Industrial Board of Illinois,* 275 Ill. 366, on p. 370, the payment and receipt of this compensation was an acceptance of the provisions of the act and barred appellee from bringing this suit and, in our judgment, constitutes a complete defense to this action.

After payments had been made and received in full to July 11, 1913, a difference arose between the parties. Appellant offered appellee employment, which it contended he was able to perform. He refused to accept it because, as he claimed, he was unable to do that work. Section 10 of the Act of 1911 (J. & A. ¶ 5459) provides how that dispute could be settled by arbitration. We are of the opinion that the fact that the parties then disagreed as to the future course to be pursued did not restore appellee to his right to bring a common-law action, but that his remedy was under section 10 of the Act. Suppose payments had been regularly made and accepted until they got to the last week for which he could have compensation under the act, and the employer had then refused to make the last payment. We think it obvious that appellee could not then have maintained a suit against

appellant at common law or under other statutes. This conclusion defeats this action and makes it unnecessary to consider appellant's contention that it was not guilty of any negligence alleged in the declaration, and therein charged to have caused the injury. The judgment is therefore reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment. We find from the evidence that, at the time of the injury to appellee, both appellant and appellee were under the provisions of the Workmen's Compensation Act of 1911, and also that each of the parties had accepted the provisions of said act and were therefore bound thereby. Therefore this action cannot be maintained.

NIEHAUS, J., took no part.