[L. A. No. 7330. In Bank.—March 16, 1923.]

GEORGE RISSMAN et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT.—CASUAL EMPLOYMENT—ESSENTIAL ELEMENTS.—In a proceeding under the Workmen's Compensation Act for an award for personal injuries, the defense of casual employment is not available unless the employment was not only casual as defined by the act, but also not in the trade, business, profession, or occupation of the employer. If either of these conditions be present the employee comes within the provisions of the act.

[2] ID.—TIME REQUIRED FOR WORK—COMPLETION—INDEPENDENT CONTRACTOR.—The time of labor done in the capacity of an independent contractor is properly excluded from the computation of the number of days that it took or would take to do certain work as an employee, in determining whether or not the employment was casual under said act.

[3] ID. — WORK CONTEMPLATED — MEANING OF TERMS. — There is no merit in the contention that the expression "work contemplated" found in section 8 (c) of the Workmen's Compensation Act, providing that the term "casual" shall be taken to refer only to employments where the work contemplated is to be completed in not exceeding ten working days and at a cost of less than one hundred dollars, refers to the total work done by any and all persons, whether under contract or not, upon a particular undertaking.

[4] ID. — CASUAL EMPLOYMENT. — Where an employment was not in the course of the employer's trade, business, or profession and would take less than ten days to do the work in which the employee was concerned, the employee does not come within the benefits of the Workmen's Compensation Act.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

Haas & Dunnigan for Petitioners.

A. E. Graupner and Warren H. Pillsbury for Respondents.

---

1. Right of casual employee to recover under Workmen's Compensation Act, notes, L. R. A. 1917D, 147; L. R. A. 1918F, 215.

KERRIGAN, J.—This is an application for a writ of review to consider an award made by the Industrial Accident Commission to George O. Smith, who was injured while engaged in certain work for George Rissman and Henry J. Rissman, the petitioners. The injury was the result of an accidental fall from a ladder while Smith was constructing a beaver-board ceiling in a house owned by petitioners, and consisted in a fracture of the left hip.

The petitioners desired to renovate for the purpose of sale two houses situated upon one lot in Los Angeles. The work in contemplation included plumbing and painting. With these, however, the applicant Smith had no concern, his employment embracing the carpentry work only. This work consisted of three separate matters—(1) certain repairs to the roof of the front house, to do which he entered into a contract at an agreed price of $53.50, this figure covering the cost of both labor and material; (2) certain repairs to the roof of the rear house, at an agreed price of $20 for the labor, the owners to furnish the materials; (3) certain miscellaneous repairs to both houses not included in the work aforementioned, at an agreed wage of $5 a day.

It was contended at the hearing before the board that the employment of the applicant was casual, and that accordingly he was not entitled to compensation for his injury. The board held against this contention, and in support of the award counsel for the respondents claim that in construing section 8c of the Workmen's Compensation Act (Stats. 1917, p. 835), the phrase "work contemplated" employed in said section refers to the entire piece of work in connection with which a given person is employed, although it may consist of different sorts and be parceled out under different contracts, and notwithstanding that the participation of said person is confined to one branch only of said work; and that as the work which the petitioners were having done upon said buildings occupied more than ten days in its performance and necessitated the expenditure of more than $100, the employment of the applicant was not casual; and they further contend that, even excluding all parts of the work in the performance of which the applicant was not personally concerned, the remainder which was to be done by him required more than ten days for its doing, thus bringing him within the protection of the act.

The petitioners, on the other hand, claim that the applicant was to do only certain carpentry work, which was given to him under several independent contracts, in the performance of which he, as an independent contractor, would not come within the protection of the act, and that if it be held that any part of his work was not embraced in such a definite contract, such part did not require for its execution more than ten working days and did not involve a labor cost of $100; that the applicant's employment upon work not included in a definite contract was therefore casual, and as such not covered by the compensatory provisions of the act in case of injury.

The relevant portions of the act read as follows:

Section 8 (a) " . . . but excluding any person whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer, . . ."

Section 8 (b) : "Any person rendering service for another, other than as an independent contractor, or as expressly excluded herein, is presumed to be an employee within the meaning of this act. . . ."

Section 8 (c) : "The term 'casual' as used in this section shall be taken to refer only to employments where the work contemplated is to be completed in not exceeding ten working days, without regard to the number of men employed, and where the total labor cost of such work is less than $100. . . ."

The finding of the commission, after referring in detail to the work which the petitioners were causing to be done, refers to the applicant's connection with it in the following terms: "Such work as contemplated was of a character which required, and in performance actually consumed, more than ten working days and a total labor cost exceeding $100; it was contemplated that applicant's labor should be concerned in all of such work; applicant performed the work upon the front roof in the capacity of independent contractor, but the remainder of the aforesaid work was, or was expected to be, performed by him in the capacity of defendant's employee; the work upon the rear roof covered two working days, the miscellaneous carpentry work two working days; and the plumbing work in connection with the bathtubs eight working days; the portion of said total work not performed by applicant by reason of said

injury was performed by other workmen in approximately the time which would have been consumed by applicant and his assistants had he continued working, and consisted for the most part of such plumbing. Therefore, said applicant's employment was not casual, though not in the course of defendant's business.''

[1] The defense of casual employment is not available unless the employment was not only casual as defined by the act, but also not in the trade, business, profession, or occupation of the employer. If either of these conditions be present the employee comes within the provisions of the act. The commission having found, and it being conceded, that the employment was not in the petitioners' business, trade, etc., we are concerned only with the factor of casual employment.

[2] The commission correctly found that the labor performed on the replacement of the roof of the front house was done by the applicant in the capacity of an independent contractor, so the time consumed in doing that work was properly excluded from the computation of the number of days that it took or would take to do the carpentry work as an employee.

Accepting the view that the remainder of the work to be done by applicant was in the capacity of an employee, it clearly appears from the findings of the commission and the evidence in the case that such work would not and did not consume ten working days. According to those findings the work on the roof of the rear house took two days; the miscellaneous carpentry work two days, and the balance of the work not performed by the applicant by reason of his injury but performed by other persons took eight days, but consisted for the most part of plumbing work. The evidence is clear, and the applicant himself admits that his employment did not include the plumbing. The unfinished work to be completed by the applicant at the time of his injury and the plumbing were subsequently done by the same man, and his uncontradicted testimony is that the plumbing took six and a half days, which would leave, as he testified, one and a half days to finish the work contemplated, from which it results that the work to be done by the applicant, excluding that under contract, was completed in five and a half days. As above noted, the commission found that the un-

finished work to be performed by the applicant consisted for the most part of plumbing. The conclusion of the commission that the work contemplated in the employment of the applicant occupied more than ten days is only arrived at by including in the unfinished work the plumbing. The commission lumped this with the unfinished carpentry work and found that the two together occupied eight days, most of it consisting of the plumbing. The time, therefore, occupied in completing the unfinished carpentry work, even according to the finding of the commission, was less than four days. That period, added to the four days worked by the applicant before his injury, gives a total of but eight days, i. e., less than the period required to take the employment of the applicant out of the casual class. It is not contended that the work in which the applicant was concerned as an employee would or did exceed a total labor value of $100.

[3] There is no merit in the contention of counsel for the respondents that the expression ''work contemplated'' found in section 8 (c) above quoted refers to the total work done by any and all persons, whether under contract or not, upon a particular undertaking. While the award by the commission was not made upon such a construction of the statute, still as it is sustainable thereby it is necessary to consider it.

The language contained in this section is: ''The term 'casual' as used in this section shall be taken to refer only to employments where the work contemplated is to be completed in not exceeding ten working days,'' etc. We think it plain that the words ''work contemplated'' are used in direct connection with the previous word ''employment,'' and mean the work contemplated as the object of the employment. Counsel's argument to the effect that this construction would lead persons undertaking a large piece of work to divide it into small parcels for the purpose of avoiding employers' liability refutes itself, since to do so would entail upon them more trouble and expense than the payment of the insurance premium. Here the applicant was employed to do only the carpentry work, and the circumstance that all the work of different sorts, and performed by persons of different crafts, done or contemplated upon the two houses would take more than ten days and

entail a labor cost of more than $100 would not affect the question of whether or not the applicant's employment was casual. **[4]** Such employment, as we have seen, was not in the course of the petitioner's trade, business or profession; and as it would take less than ten days to do the work in which the applicant was concerned, he does not come within the benefits of the Workmen's Compensation Act.

The award must, therefore, be and it is hereby annulled.

Myers, J., Lennon, J., Waste, J., Seawell, J., Wilbur, C. J., and Lawlor, J., concurred.