ERMA PALLANCK, P. P. A. vs. DANIEL J. DONOVAN
ET UX.
GUIDO PALLANCK vs. DANIEL J. DONOVAN ET UX.

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, JS.

The fact that one is "employed otherwise than for the purpose of
the employer's trade or business" does not exclude him from
the operation of the Workmen's Compensation Act, unless his
employment is also of a casual nature.

Whether, as the compensation commissioners have uniformly held,
one who is not employed for the purpose of his employer's
trade or business is to be counted with those who are, in
determining whether the total number of employees is regu-
larly less than five, quaere.

An employment which is merely occasional or incidental and comes
without regularity is "casual" within the meaning of § 11 of
Chapter 306 of the Public Acts of 1921; but not one which
is for a definite period such as a week or a month, or one
which, though only for a part of the employee's time, recurs
at somewhat regular intervals and possesses the elements of
permanence found in the ordinary contract of employment in
that it starts at a definite point and is fairly expected to
continue for a reasonable time and until legally terminated.

The plaintiff Erma, who for three years before the date of her
injuries was employed after school hours and for whole days
when school was not in session, to do housework in the
defendant's home, being paid on Saturday of each week in
proportion to the amount of service rendered by her, and who,
for two weeks preceding the accident, had been steadily so
engaged at wages of $5 per week, was not a "casual" employee;
and since the defendant regularly employed five or more per-
sons in a meat market conducted by him, the sole remedy of
the plaintiff for injuries sustained in the course of her employ-
ment was under the Workmen's Compensation Act.

Argued January 26th—decided March 2d, 1927.

ACTIONS by a daughter and her father to recover
damages for personal injuries to the former, alleged to
have been caused by the negligence of the defendants,
brought to the Superior Court in New Haven County

where pleas in abatement and to the jurisdiction were sustained (*Wolfe, J.*), and judgments rendered for the defendants from which the plaintiffs appealed. *No error in either case.*

*Charles W. Bauby,* for the appellants (plaintiffs).

*Charles S. Hamilton,* with whom was *Morris M. Wilder,* for the appellees (defendants).

HINMAN, J.   The complaint in each case alleged that Erma Pallanck, aged fifteen years, was employed by the defendants as a house girl and that, on October 9th, 1925, in performing one of her duties, that of emptying paper from a waste basket and burning it in the kitchen range, she was injured by the explosion of a shell loaded with gunpowder, which was in such basket, it was alleged, through the negligence of the defendants.

The defendants filed a plea to the jurisdiction and in abatement stating as grounds thereof that the defendants regularly employed five and more employees, and had not given notice that they would not be bound by the Workmen's Compensation Act, and that whatever claim the plaintiffs had came within the sole jurisdiction of the compensation commissioner.   The plaintiffs filed a general denial.   The plea was sustained, judgment was rendered accordingly, in each case, for the defendants, and the plaintiffs appealed.

The facts material to the issues involved in the plea are stated by the finding as follows:  Erma Pallanck was employed by defendant Daniel J. Donovan, through his wife, the other defendant, to do housework and work incidental thereto, in their home in Meriden. For some three years before the date of the accident she was so employed after school hours and sometimes for whole days when school was not in session.   Wages,

according to the amount of work done, were paid her regularly each week on Saturday. For two weeks before the accident she had been regularly employed doing household work at wages of $5 per week. Defendant Daniel J. Donovan conducted a meat market in Middletown, regularly employed therein five or more persons, and had not given notice that he would not accept liability under the Compensation Act.

It is further found that no notice was given by either defendant to either plaintiff, until the filing of the plea, that by reason of the employment of five or more persons, defendant Daniel J. Donovan came within the provisions of the Act, but this is unimportant, as the statute requires no such notice.

Since the finding is that Donovan employed five or more persons in his meat business at Middletown, it is unnecessary to determine whether the plaintiff Erma Pallanck could, if necessary, be counted, with the employees in the meat market, in order to make up the five or more necessary to bring her employer under the Act. We note in passing, however, that the compensation commissioners appear to have uniformly held that all who are employees of a common employer within the definition of the Compensation Act (Chapter 306 of the Public Acts of 1921, § 11) should be counted for this purpose, including persons employed otherwise than in the employer's business, provided their employment was not also of a casual nature. *Thompson* v. *Twiss*, 1 Conn. Comp. Dec. 420, 425; *Coady* v. *Igo*, 1 Conn. Comp. Dec. 576, 584; *Pilagree* v. *Jorgensen*, 2 Conn. Comp. Dec. 289; *Rekofskin* v. *Atwood*, 3 Conn. Comp. Dec. 48.

The only question which is so raised by the appeals as to be available to the appellants is whether the nature of Erma Pallanck's employment was such as to place her outside the definition of an employee to

whom the Compensation Act is applicable. Such an employee is defined as "any person who has entered into or works under any contract of service or apprenticeship with an employer . . . ; but said term shall not be construed to include . . . (b) one whose employment is of a casual nature, and who is employed otherwise than for the purposes of the employer's trade or business." Public Acts of 1921, Chap. 306, § 11. Since Donovan's business was that of conducting a meat market, she was, manifestly, employed otherwise than for the purpose of that business, but to bring her within the exception her employment must *also* have been "of a casual nature." *Thompson* v. *Twiss*, 90 Conn. 444, 452, 97 Atl. 328.

"Casual" employment as used in our Act has been construed as meaning occasional or incidental employment, which comes without regularity; if the employment be for a definite time, as for a week or a month, it is not casual; so, too, if it is for a part of one's time at regularly recurring periods. *Thompson* v. *Twiss*, *supra*, 451; *McDonald* v. *Great Atlantic & Pacific Tea Co.*, 95 Conn. 160, 165, 111 Atl. 65; Honold, Workmen's Compensation, p. 203. "Ordinarily . . . where one is employed to do a particular part of a service recurring somewhat regularly with the fair expectation of continuing for a reasonable time," the employment is not casual. Honold, Workmen's Compensation, p. 201; *Dyer* v. *James Black Masonry & Contracting Co.*, 192 Mich. 400, 158 N. W. 959.

In *Dewhurst* v. *Mather*, L. R. (1908) 2 K. B. Div. 754, cited in *Thompson* v. *Twiss*, a charwoman who went regularly on certain fixed days to the same employer, but worked on other days for other people, was held to be a periodical and not a casual employee. In *Bayon* v. *Beckley*, 1 Conn. Comp. Dec. 69, 73 (89 Conn. 154, 93 Atl. 139), the compensation commis-

sioner held, in conformity to *Dewhurst* v. *Mather,* that the employment of a claimant who worked at house-cleaning for the respondent on Thursdays "was clearly periodic, and possessed the same elements of permanence as are found in the ordinary contract of employment, in that it started at a definite time and was to continue until properly terminated in a legal manner," and hence was not casual. Analogous rulings have been made in *Penfield* v. *Glastonbury,* 1 Conn. Comp. Dec. 637; *Pilagree* v. *Jorgensen,* 2 Conn. Comp. Dec. 289; *Knapman* v. *Bruyere,* 2 Conn. Comp Dec. 340.

Upon the facts found Erma Pallanck's employment was not "occasional or incidental" but "stable and regular," and so not casual in nature within the meaning of our Compensation Act. *Thompson* v. *Twiss, supra,* pages 451, 452. She was therefore an employee, as defined by the Act, and her right to compensation and the forum for prosecution of her claim were exclusively as provided therein. Public Acts of 1921, Chap. 306, § 1. The pleas in abatement and to the jurisdiction were properly sustained.

There is no error in either case.

In this opinion the other judges concurred.