IRMA PALLANCK *vs.* DANIEL J. DONOVAN.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued June 5th—decided July 10th, 1929.

*Charles S. Hamilton,* with whom, on the brief, was *Morris M. Wilder,* for the appellant (defendant).

*Peter Trenchi,* for the appellee (plaintiff).

MALTBIE, J. On October 9th, 1925, the plaintiff suffered an injury in the course of her employment and brought an action against the present defendant Donovan and his wife to recover therefor. This action failed because it was found by the trial court that the plaintiff was employed by the defendant Donovan and that he regularly employed five or more persons, so that the plaintiff's right to compensation, if any, was under the terms of the Workmen's Compensation Act. Upon an appeal to this court the conclusions of the trial court were sustained. *Pallanck* v. *Donovan,* 105 Conn. 591, 136 Atl. 471. The decision in this court was rendered on March 2d, 1927. Thereafter the plaintiff made a motion to the compensation commissioner for the third district, stating the above situation, and requesting an extension of time in which to make a claim for compensation against Donovan and his wife. On May 3d, 1927, the commissioner notified the defendant Donovan and his attorney that a hearing would be held on the motion on May 5th, at

one p. m., stating that an emergency existed and that under the circumstances the time allowed was reasonable. The respondents appeared by counsel and filed a special plea attacking the authority of the commissioner to hear the matter more than one year after the date of the injury and claiming that the notice given of the hearing was shorter than that required by the statutes. The commissioner overruled the plea, granted the motion and extended the time for filing a claim under the Act to May 20th, 1927; and later he proceeded to a hearing of the case. The defendant Donovan by his appeal raises the question of the legality of the acts of the commissioner in connection with this motion, which the Superior Court sustained.

At the time of the injury and of the motion to the commissioner, the Workmen's Compensation Act provided that no proceedings should be maintained under it unless a written notice of the claim for compensation had been made within one year of the date of the injury, with a proviso that the commissioner might, by an order made for due cause shown, at any time within two years from the date of the injury extend the time for making such claim for a period not exceeding two years from that date. Public Acts of 1921, Chap. 306, § 8. The defeat of the abortive attempt of the plaintiff to proceed at common law, far from groundless as the record discloses, particularly when considered in the light of the fact that the respondents were fully apprised at all times of the nature and circumstances of the plaintiff's injury and had themselves maintained that her right of recovery, if any, would be under the Act, constituted ample cause for an extension of time for her to claim compensation. With reference to the shortness of the time set before the hearing upon the motion, the respondents claimed under another provision of the Act

which provides that, if an injured employee and his employer fail to reach a voluntary agreement as to compensation, either may notify the commissioner, whose duty it then becomes to appoint an early hearing upon the matter, giving both parties due notice not less than ten days before the date appointed, with a proviso that if he shall find an emergency to exist, he shall then give such notice as he finds reasonable under the circumstances. Public Acts of 1921, Chap. 306, § 9. This requirement of notice applied to a hearing upon the merits of the claim for compensation, not to one upon a motion for an extension of time in which to make such a claim. The statutes contain no provision as to length of notice to be given of a hearing upon such a motion. The matter rests in the legal discretion of the commissioner, and that requires such notice as is reasonable under the circumstances. The respondents did not in their plea raise the question that the notice given was in fact unreasonable nor are any facts found indicating this and, particularly in view of the full knowledge of the circumstances which they had, we could not assume that it was unreasonably short.

On June 24th, 1927, the matter came before the commissioner for a hearing upon the merits and he finds that, upon due and regular notice it was heard, notice of the claim having been duly given within the time allowed in his ruling upon the motion for an extension of time. These findings of the commissioner are not attacked and conclusively establish the facts recited. The finding and award named the defendant Donovan as the sole respondent, finds that he was the employer of the plaintiff and makes the award against him alone. We must therefore assume that, though the motion for the extension of time ran against him and his wife, the claim actually made was against

him alone. It was so treated by the commissioner and by the defendant himself in his appeal to the Superior Court and to this court; and we so regard it. He attacks the finding of the commissioner in certain particulars and seeks additional findings, but as no evidence has been brought before us we cannot consider these claims. Nominally in his brief he also attacks the conclusion of the commissioner that the injury arose out of and in the course of plaintiff's employment, within the terms of the Act, but that question was not argued before us and is so clearly unsound as not to justify discussion.

There is no error.

In this opinion the other judges concurred.