[S. F. No. 14400. In Bank.—March 23, 1932.]

L. E. VICKERS, Petitioner, v. DEPARTMENT OF INDUSTRIAL RELATIONS, INDUSTRIAL ACCIDENT COMMISSION, THEODORE STENERSON et al., Respondents.

W. D. Tillotson and John A. Spann for Petitioner.

A. I. Townsend for Respondent Industrial Accident Commission.

Glenn D. Newton and Jesse W. Carter for Respondent Theodore Stenerson.

SHENK, J.—Petition to review and annul an award of the Industrial Accident Commission.

The award was made in favor of one Theodore Stenerson who suffered the loss of his right eye from an injury occurring while he was engaged in drilling the concrete wall of a cesspool on the property of the petitioner in the town of Anderson, Shasta County. The petitioner is a public school-teacher and was regularly engaged in that profession at the times involved herein. It is conceded that the work done by Stenerson was not in the course of the trade, business, profession or occupation of the employer. The question to be determined is whether the evidence and the inferences reasonably to be drawn therefrom sufficiently support the finding of the Commission that the employment of Stenerson by the petitioner was other than casual.

The term "casual", as defined by section 8 (c) of the Workmen's Compensation Act, is applicable only to employment where the work contemplated is to be completed in not exceeding ten working days, without regard to the num-

ber of men employed, and where the total labor cost of such work is less than one hundred dollars. Concededly the total cost of the work involved here was less than one hundred dollars and the remaining question is whether the work contemplated was to be completed in more than ten working days.

On February 17, 1930, the petitioner went to a poolroom at Anderson and inquired if anyone there wanted work. Stenerson replied that he was looking for work. The petitioner stated that he desired someone to clean out an old cesspool and complete a new one. The petitioner told Stenerson to come the next morning and bring someone to help him bale out the old cesspool. The testimony establishes without conflict that at the time of the conversation in the poolroom nothing was said concerning any other than the cesspool work, which it is admitted would not occupy more than three or four working days. The next morning and before the petitioner left to attend to his school duties, Stenerson arrived with a helper and started work on the cesspool. On the second day of work, while drilling the concrete wall between the old and new cesspools, a steel splinter flew into Stenerson's eye.

On the hearing before the Commission Stenerson testified that when he arrived at the petitioner's place he was shown over the grounds by the petitioner, who mentioned other work that there was to do about the place, including the laying of a pipe across the road to the cesspool, leveling a plot, plowing a half acre, spading a garden, planting corn, and moving a fence. Stenerson testified that he asked petitioner how long the work would last and that the petitioner replied that there was about two weeks' work on the place. The petitioner admits that he intended that Stenerson might be engaged to do some of the other work, but he testified that he did not then engage Stenerson to do the additional work, and Stenerson at no time asserts or claims that any actual agreement was voiced by the parties as to any further work to be done by Stenerson himself. The cesspool work was completed by someone else after Stenerson's injury, and the other work mentioned by Stenerson was done at different times in March and April following. The record does not satisfactorily establish that the completion of the cesspool, together with the additional work enumer-

ated by Stenerson, when completed, actually occupied more than nine and one-half working days. Stenerson by his testimony attempted to compute the probable time for completing such work at two weeks. His approximations, however, were indefinite and he was not able to say with any degree of certainty just how long it would take to complete each job. In some cases he testified that he did not know how long it would take.

The respondents rely on *Rissman* v. *Industrial Acc. Com.*, 190 Cal. 619 [213 Pac. 991], and *Ingram* v. *Department of Ind. Relations*, 208 Cal. 633 [284 Pac. 212]. We recognize the correctness of tl e holding in the latter case that in a continuous employment of odd jobs which extends beyond ten working days, the employment is not casual within the meaning of the act. We were careful to point out, however, that the fact that it was contemplated that several odd jobs, each of a casual nature by itself, were to constitute one continuous employment for longer than ten days must be based upon sufficient evidence. In the Ingram case the employee had continuously worked longer than ten days at odd jobs before he was injured, and in other cases relied upon by the respondents the testimony was clear that the employment reasonably contemplated more than ten working days. In the present case, however, the employee has not overcome the petitioner's showing that the employment was for the cesspool work alone; nor has he shown, if any further work was to be done, that it was to be continuous or would occupy more than ten working days. The employee's own testimony does not establish that any agreement for any further work was made, nor when it was to be done, nor that it would reasonably extend over a continuous period of ten days. In such a state of the record we must conclude that a finding other than that the employment was casual is without support in the evidence. This conclusion renders it unnecessary to determine the further question presented as to whether, in view of the facts that in the type of occupations followed by Stenerson he had lost no earning power and that he was able to and did earn as much as formerly, the disability rating was excessive.

The award is annulled.

Langdon, J., Preston, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.