## ALICE GAUTHIER v.
## THE CONNECTICUT INSTITUTE OF HAIRDRESSING, INC.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 73525

Memorandum filed November 13, 1947.

*Frank Covello* and *Anson T. McCook,* of Hartford, for the Plaintiff.

*Schatz* and *Weinstein,* of Hartford, for the Defendant.

KING, J. This was a complaint claiming damages for personal injuries claimed to have been sustained because of negligence. The demurrer, although not separated into grounds as it should have been, sets up, in effect (1) that it does not appear that the parties were not under the Workmen's Compensation Act, and (2) that if they were not the plaintiff would be barred by the defense of negligence of a fellow servant.

There is no presumption that an employer has five or more employees so as to bring him under the Compensation Act under General Statutes, § 5227. Indeed, the proper and usual method of raising the question is by a plea to the jurisdiction. *Pallanck* v. *Donovan,* 105 Conn. 591, 592. But whatever method of pleading is adopted the burden is on the defendant to show that it employs five or more persons so as to come under the Compensation Act. § 5227, second sentence. This is quite apart from any question of refusal of acceptance, either by an employer of five or more, or by his employee, under § 5229, or of any question whether the plaintiff's employment was of a casual nature and disconnected with the employer's trade or business, under § 5223. Since it does not appear from the allegations of the complaint that the defendant employs five or more employees, the first ground of demurrer must be overruled.

Paragraphs 7, 8 and 9 of the complaint indicate that concurrent negligence of the master and of the fellow servant is relied upon. To this, the defense of negligence of a fellow servant has never applied. *Wilson* v. *Willimantic Linen Co.,* 50 Conn. 433, 466. It follows that this ground of demurrer, also, is inefficacious.

For the foregoing reasons the demurrer is overruled on both grounds.