**Andrew O. RANTA, Plaintiff,**

v.

**BETHLEHEM STEEL CORPORATION, United States Steel Corporation, Arthur R. Barnes, Jr., John G. Jarnis, Barnes & Jarnis, Inc., and John Arborio, Inc., Defendants.**

**Civ. No. 11061.**

United States District Court
D. Connecticut.

July 17, 1967.

Morgan P. Ames, of Cummings & Lockwood, Stamford, Conn., for plaintiff.

Albert R. Moquet, of Moran, McNerney, Moquet & Moran, New Haven, Conn., for defendant John Arborio, Inc.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

The essential question presented by defendant John Arborio, Inc.'s motion for summary judgment, pursuant to Rule 56, Fed.R.Civ.P., in this diversity action brought by plaintiff to recover for personal injuries sustained in a construction site accident, is whether the movant corporation comes within the terms of the Connecticut Workmen's Compensation Act [1] as an employer of plaintiff, so that under controlling state law [2] plaintiff is confined to his statutory remedy against such defendant.

The Court holds that defendant John Arborio, Inc. was an employer of plaintiff within the meaning of the Connecticut Workmen's Compensation Act at the time of the accident at issue, and that plaintiff's exclusive remedy against that defendant is therefore to be found in the provisions of the Act.[3] There being no genuine issue as to any material fact and defendant John Arborio, Inc. being entitled to judgment as a matter of law, the instant motion for summary judgment is granted.

## FACTS

The facts necessary to a determination of the instant motion are not in dispute.

Plaintiff is a citizen of Connecticut. Defendant John Arborio, Inc. (hereinafter "defendant"), being a New York corporation and having its principal place of business in the State of New York, is a New York citizen. The amount in controversy exceeds $10,000, exclusive of interest and costs. The action, commenced in the Superior Court for New Haven County, being one of which the district courts of the United States have original jurisdiction,[4] was properly removed by defendants to this Court.[5]

Defendant, a general contractor, for many years has been engaged primarily in the construction of large highways, together with the appurtenant bridges and overpasses.

In June of 1963 defendant entered into a contract with the State of Connecticut for the construction of four miles of state highway in Putnam and Thompson, Connecticut; defendant's duties under the contract generally were to complete the construction of that stretch of highway in all respects, including the necessary bridges and overpasses.

---

1. Conn.Gen.Stat. § 31–275 et seq. (1958).

2. Connecticut substantive law is to be applied in this diversity action. See Guaranty Trust Co. of New York v. York, 326 U.S. 99 (1945).

3. See Conn.Gen.Stat. § 31–284(a) (1958); e. g., Pallanck v. Donovan, 105 Conn. 591, 595, 136 A. 471, 472 (1927).

4. 28 U.S.C. § 1332(a)(1) and (c).

5. 28 U.S.C. § 1441(a).

In fulfilling its contract duties, defendant subcontracted out certain phases of the construction work required of it. On July 15, 1963, J. Evans Arborio (subsequently the Arbor Construction Corporation) was engaged by defendant as a subcontractor for the purposes of overpass and bridge construction.

On July 16, 1964, in the course of his employment by the Arbor Construction Corporation, plaintiff fell from the partially completed Sayle Avenue overpass in Putnam and sustained severe personal injuries.

## CLAIMS OF THE PARTIES

Both parties agree that plaintiff is restricted to his statutory remedies against defendant under Connecticut law if defendant was the "principal employer" within the meaning of Conn.Gen. Stat. § 31–291 (1958).[6]

Plaintiff contends, however, that the Connecticut Act is not applicable to defendant, arguing that the State of Connecticut was the "principal employer" and that in any event the work in question was not done on premises under defendant's "control".

In contrast, defendant maintains that its status on the undisputed facts as an employer within the purview of the Connecticut Act is manifest under the settled interpretation of the Act by the Connecticut state courts.

## APPLICABILITY OF THE WORKMEN'S COMPENSATION ACT

■ It has long been recognized that the purpose underlying inclusion of a "principal employer" within the statutory framework of compensation for injured workmen

"is to protect employees of minor contractors against the possible irresponsibility of their immediate employers, by making the principal employer who has general control of the business in hand liable as if he had directly employed all who work upon any part of the business which he has undertaken to carry on." [7]

Defendant represents that it was the principal employer of plaintiff, in accordance with the purpose and provisions of Conn.Gen.Stat. § 31–291 (1958). In order for the statute to apply, the following circumstances must be disclosed by the facts in the instant case:

"(1) the relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be on or about premises controlled by the principal employer; (3) the work must be a part or process in the trade or business of the principal employer." [8]

It is not disputed that the Sayle Avenue overpass work was "part or process" in defendant's construction business, since defendant was under a duty to perform that work which would appropriately have been carried out by defendant's own employees in the ordinary course; entry into a subcontract with plaintiff's immediate employer did not alter the character of such work.[9]

Although plaintiff contends that the relationship of principal employer and contractor did not exist as between defendant and plaintiff's immediate em-

6. See, e. g., Bogoratt v. Pratt & Whitney Aircraft Co., 114 Conn. 126, 130–134, 157 A. 860, 862–863 (1932). Conn.Gen. Stat. § 31–291 (1958) provides:

"When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor."

7. Bello v. Notkins, 101 Conn. 34, 38, 124 A. 831, 832 (1924).

8. Battistelli v. Connohio, Inc., 138 Conn. 646, 649, 88 A.2d 372, 374 (1952).

9. See, e. g., Fox v. Fafnir Bearing Co., 107 Conn. 189, 193, 139 A. 778, 779 (1928).

ployer, it is clear that such a relationship did exist. If the State of Connecticut, as in this case, declines to take upon itself the business of constructing a particular highway, and in good faith contracts instead with a construction company to undertake responsibility for the work, the functional effect of the delegation of duty and substitution of parties actually concerned with the project in question is not to be ignored; the policy of the Act is certainly satisfied by such a substitution of responsible employers.[10] Plaintiff does not controvert defendant's assertion that the highway contract imposed upon it the general obligation to discharge the construction duties in all respects, and it is plain that the functional responsibilities for the overall operation rested with defendant. The State of Connecticut did nothing more than to hire defendant to perform in its stead. The formal role of the State in the pattern of relationships among the several parties involved may be variously characterized, but the actuality of defendant's position as the principal employer cannot thereby be obscured; indeed, in like situations concerning private owners of property and construction companies the contention of the hired general contractor that it is the principal employer is usually unchallenged.[11]

There remains plaintiff's contention that the accident did not occur on or about "premises controlled" by defendant. If a narrow and literal construction of the statute were required in this regard, summary judgment in favor of defendant would be inappropriate, since actual and specific direction of plaintiff's work by defendant has not been established. But the limiting statutory language has been given a more liberal interpretation; "control" does not refer to actual control of the defective structure, instrumentality, materials or procedures which caused the accident, but is intended to serve the entirely different purpose of describing the area in which an accident must happen in a more inclusive way than by use of phrases such as "in his possession" or "owned by him." [12] Again, it is not disputed that defendant had the general responsibility over the entire highway construction site, including that portion represented by the Sayle Avenue overpass. In view of the broad construction accorded the statute, it cannot be disputed that the whole of the highway and attendant structures were "premises" under the "control" of defendant within the meaning of the Act.[13]

In sum, the uncontroverted facts show defendant to be within the ambit of the Connecticut Workmen's Compensation Act as a principal employer of plaintiff, and plaintiff therefore has no cause of action against defendant under the common law of Connecticut.

## CONCLUSION

Defendant John Arborio, Inc.'s motion for summary judgment, pursuant to Rule 56, Fed.R.Civ.P., is granted, there being no genuine issue as to any material fact and said defendant being entitled to judgment as a matter of law.

10. See Bello v. Notkins, supra note 7, at 38, 124 A. 831, at 832.

11. See, e. g., Kasowitz v. Mutual Construction Company, 154 Conn. 607, 609, 611, 228 A.2d 149 (1967). Even if defendant could be considered merely a link in a chain of contractors ending in the State as the actual general contractor, moreover, it is noteworthy that *each* contractor in such a chain has been said to be a "principal employer" as to the injured workman for the purposes of the Act. See Palumbo v. Fuller Co.,

99 Conn. 353, 365, 122 A. 63, 67–68 (1923).

12. See Crisanti v. Cremo Brewing Co., 136 Conn. 529, 535, 72 A.2d 655, 659 (1950).

13. See Kaufman v. Bowman, 193 F.2d 606, 609 (2 Cir. 1952) (entire construction site of a large housing development held premises under the control of a contractor as principal employer); cf. Massolini v. Driscoll, 114 Conn. 546, 551, 159 A. 480, 482 (1932).