# THE PEOPLE *ex rel.* The Paris and Danville Railroad Co.

*v.*

## JOHN G. HOLDEN *et al.*

1. MUNICIPAL SUBSCRIPTION—*may be upon conditions which must be performed.* In submitting the question to vote whether a township will take stock in a railroad company, the township has the right to impose such conditions in regard thereto as it deems proper, and such conditions, when imposed, are binding, and the company will have no right to the subscription or to compel the issue of the bonds until the conditions are fully performed on its part.

2. Where a petition for a *mandamus* to compel township officers to subscribe to the capital stock of a railway company and issue corporate bonds, sets out the conditions upon which the township voted the subscription, and avers performance of them, if the answer of the defendants substantially denies the performance of such conditions, stating wherein they have not been performed, it will be good on general demurrer, although it may contain unnecessary averments and irrelevant matter.

3. MANDAMUS—*when officers may answer separately.* Where it is sought, by *mandamus* against the supervisor and town clerk of a township, to compel them to perform an alleged official act, enjoined on them by statute, no good reason is perceived why they may not as well answer the petition separately as to file a joint answer. Such a case is not a suit against a municipal corporation, where officers are required to answer for and in the name of the corporation.

4. PLEADING—*formal defects reached only by special demurrer.* If an answer to a petition for a *mandamus* contains irrelevant matter, or is evasive and argumentative, the defects can only be reached by special demurrer, in which the defects are required to be minutely set forth.

WRIT OF ERROR to the Appellate Court of the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and the Hon. O. L. DAVIS, and Hon. LYMAN LACEY, Justices.

Messrs. HENRY & DOVE, for the plaintiff in error.

Mr. D. D. EVANS, and Mr. H. W. BECKWITH, for the defendants in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

On the 11th day of December, 1869, a proposition was submitted to the voters of the township of Danville, in Vermilion

county, to decide, by ballot, whether the township would subscribe $25,000 to the capital stock of the Paris and Danville Railroad Company, upon certain conditions named in the petition and notice for the election.

The election resulted in favor of the subscription. The subscription was never, however, made, nor were the bonds issued.

On the 30th day of December, 1875, a petition for a peremptory writ of *mandamus* was filed in the circuit court of Vermilion county, against the supervisor and town clerk of the town, to compel them to make the subscription and issue the bonds.

A demurrer was interposed to the petition, which the court sustained. An appeal having been taken by the railroad company, the judgment of the circuit court was reversed and the cause remanded, a majority of the court holding that the petition was sufficient. (82 Ill. 93.)

After the cause was remanded and placed upon the docket in the circuit court, the supervisor, John G. Holden, and the town clerk, John Lane, filed their separate answers to the petition, which were demurred to by the relator. The demurrer having been overruled, the railroad company sued out a writ of error from the Appellate Court of the Third District, in which court the judgment of the circuit court was affirmed. The cause was thereupon brought to this court on error.

Several questions of practice in a case of this character have been argued, but the important and controlling question presented by the record is, whether the facts set up in the answers constitute a defence to the averments of the petition.

The conditions upon which the township of Danville agreed to take stock in the railroad company, as appears from the petition for the election, notice of election, and the ballot used at the election, copies of which are attached to the petition for *mandamus*, are the following:

The bonds are not to bear date, nor to be delivered or to bear interest, until the said railroad is completed, equipped with

rolling stock, and running in successful operation from Paris, in Edgar county, in and to the city of Danville, Vermilion county, Illinois; and upon the other express condition that no part of said railroad shall be located or built west of the north fork of the Vermilion river, in said city of Danville, and that said railroad shall be completed and in successful operation from Paris to Danville aforesaid, within five years from this date, November 6, 1869.

It is not controverted, that if the railroad company had complied with the terms and conditions upon which the township, by a vote of the people, agreed to become a stockholder in the company and issue bonds, the respondents are bound to issue the bonds. The respondents do, however, contend that the conditions have never been complied with on the part of the railroad company, and on that account, alone, they are under no obligation to issue the bonds.

As to the first condition, that the bonds are not to be delivered until the railroad is completed, equipped with rolling stock, and running in successful operation from Paris in and to Danville, the averment of compliance in the petition is fully met by the answer of Holden, in these words:

"The defendant further avers, that it was not true that the said Paris and Danville Railroad Company, relying upon the said vote and subscription, had, within five years from the date of the petition for an election, as aforesaid, built and completed its railroad track from Paris, in Edgar county, to a point in the said township on the line of the Toledo, Wabash and Western railway, about one mile from the city of Danville; that it is not true that it, the said Paris and Danville Railroad Company, had made an arrangement with and leased from the said Toledo, Wabash and Western Railway Company whereby the said Paris and Danville Railroad Company had the right to run its cars on the track of the said Toledo, Wabash and Western Railway Company in and to the city of Danville, but, on the contrary thereof, defendant avers the truth and fact to be that the said Paris and Danville Railroad

Company had then and there only partially built and completed its track to the point aforesaid, and only had a temporary arrangement with the said Toledo, Wabash and Western Railway Company."

The answer, after setting out in detail the character of the temporary arrangement, concludes as follows:

"And the defendant further avers, that the said Paris and Danville Railroad Company did not then, nor at any time prior to the filing of the petition herein, have its railroad completed, equipped with rolling stock, and running in successful operation from Paris, in Edgar county, in and to the city of Danville, Vermilion county. And defendant further avers, that the said point on the line of the track aforesaid is much more than one mile west of the city of Danville."

In regard to the first condition, which the relator was bound to fulfill before it was entitled to the bonds, we are aware of no language which could be used which would negative the averments contained in the petition more appropriately than the language employed by respondents. It may be true that the answer contained some statements upon this point which might have been omitted; but if it was desired to present an issue whether relator had performed the condition named within the time required, certainly the answer fully and completely traversed the averments of the petition, which was all that could be required.

In regard to the second condition, that no part of the said railroad should be located or built west of the north fork of the Vermilion river, in said city of Danville, the answer of Holden avers, that "it is not true that no part of the said Paris and Danville railroad is located or built west of the north fork of the Vermilion river, in said city of Danville; on the contrary thereof, the defendant avers, that before the petition herein was filed, and before a request was ever made to subscribe or take stock therein, a part of the railroad of the said Paris and Danville Railroad Company was located and built west of the north fork of the Vermilion river in said

29—91 ILL.

city of Danville, and is now so located and built in violation
of the condition aforesaid."

· This denial in the answer presented a direct issue, whether
relator had complied with a condition upon which the
bonds were to be issued, and we perceive no objection which
can be urged against the mode in which the issue was pre-
sented.

In regard to the other condition, that the railroad should
be completed and in successful operation from Paris to Dan-
ville within five years, the answer is full and explicit. It de-
clares:

"The defendant further avers, that the said railroad was
not at the time of filing the petition herein, and is not now, in
full and successful operation over any track of its own or over
any track from Paris to Danville aforesaid."

The answer of Lane, the town clerk, in clear and emphatic
language, expressly denies that the relator complied with any
or either of the conditions upon which the bonds were to be
issued.

While it may be true that the answers contained some irrele-
vant statements or some averments that might be reached by
special demurrer, yet the answers are, in substance, sufficient.
The facts set up therein, if true, and their truth is admitted
by the demurrer, constitute a complete defence to the case
made by the petitioner.

In the submission of the question, whether the township
would take stock in the railroad company, the township had
the right to impose such conditions in regard thereto as it
thought proper, and these conditions, when imposed, were
binding, and the railroad company had no right to the bonds
until the conditions were fully performed on its part. *The
People* v. *Dutcher*, 56 Ill. 144.

The relator objects to the sufficiency of the answers, because
the defendants answered separately. If the objection was well
taken, it may be regarded as obviated from the fact that the
supervisor adopts the answer of the town clerk as a part of his

answer, but it may well be doubted whether, under our statute, the practice required the two defendants to join in a single answer. This is not a suit against a municipal corporation, where the officers might be required to answer for, in the name of and on behalf of the corporation, where there would necessarily be but one answer, but this proceeding is against two officers of a township to compel each of them to perform an alleged official act, enjoined upon them by the statute, and in such a case no good reason is perceived why they may not as well answer separately as file a joint answer.

It is also urged, that the answers contain irrelevant matter; that the two answers are repugnant; that they are evasive and argumentative.

There is no substantial repugnancy or inconsistency between the two answers. The substance of each, when properly analyzed, although expressed in a different form, is, that the railroad company did not comply with the terms and conditions upon which the bonds were to be issued, in the time and in the manner required by the contract between the township and the company. If the answers contained irrelevant matter, or if they were evasive and argumentative, these defects could only be reached by special demurrer, in which the defects are required to be minutely set forth. *Bogardus* v. *Trial,* 1 Scam. 63. This was not done; the irrelevant matter is not pointed out by the demurrer, nor is it shown by the demurrer wherein the answers are evasive or argumentative. If these objectionable features existed in the answers it was the duty of the relator to point them out by the demurrer, and if this course had been pursued, the answers would no doubt have been amended at once, and relieved of all obnoxious matter. It may be that the answers might have been drawn in a more skillful manner, but however that may be, the facts set up in the answers clearly show a substantial defence to the case made by the relator in the petition, and as the answers were good in substance, the court properly overruled the demurrer.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*