CLARENCE C. CRANE *vs.* PEACH BROTHERS ET ALS.

First Judicial District, Hartford, March Term, 1927.
WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

To render a principal employer liable to the employees of a contractor or a subcontractor, the Workmen's Compensation Act (§ 5345 of the General Statutes) requires (1) that the relation of principal-employer and contractor exist in work done wholly or in part for the former, (2) that the work be in, on or about premises controlled by the principal employer, and (3) that it be a part or process in the trade or business of the principal employer.

In the present case, the P. Brothers contracted to furnish trucks and drivers at an hourly rate to the L. Co. for use upon a construction job, the latter deducting from its payments to the contractor certain sums to cover the additional compensation liability with which it presumed itself to be charged. The plaintiff, one of the drivers, was injured while repairing an automobile chain; but it did not appear whether the chain was part of one of the trucks or whether the truck was then being used in the business of the L. Co. *Held* that the facts found were insufficient to support the conclusion that the plaintiff's work, at the time of his injury, was a part or process in the trade or business of the L. Co.

Argued March 2d—decided April 11th, 1927.

APPEAL by two of the defendants from a finding and award of the compensation commissioner for the first district in favor of the plaintiff, taken to the Superior Court in Hartford County and tried to the court, *Nickerson, J.;* judgment rendered dismissing the appeal and affirming the award, from which the same defendants appealed. *No error.*

*DeLancey S. Pelgrift,* with whom, on the brief, was *David R. Woodhouse,* for the appellants (defendants Peach Brothers *et al.*).

*Donald C. McCarthy,* for the appellee (plaintiff).

*Lawrence A. Howard,* with whom, on the brief, was *Arthur E. Howard, Jr.,* for the appellees (defendants The Lane Construction Company *et al.*).

HAINES, J.  In the presentation of this claim to the commissioner, Peach Brothers and the Lane Construction Company were named as employers, and the Commercial Casualty Company of Hartford and the Federal Mutual Liability Insurance Company of Springfield, as their respective insurers.  The claims against the Lane Construction Company and its insurer, the Federal Mutual Liability Insurance Company, were dismissed by the commissioner.  An award was made against Peach Brothers and their insurer, both of whom appealed.  The finding was amended upon motion, the case reviewed by the Superior Court, and the ruling of the commissioner sustained.  The salient facts, as disclosed by the record, are, that the claimant was, on and before December 24th, 1925, a truck driver in the employ of Peach Brothers, and both parties were subject to Part B of Chapter 284 of the General Statutes; Peach Brothers had contracted with the Lane Company to furnish the latter trucks with drivers for $3 per hour upon a construction job being done by

.the Lane Company, and the claimant was the driver for one of the Peach Brothers' trucks; on December 24th, 1925, while repairing an automobile chain, a piece of steel flew off the chain and entered the claimant's right eye. It was found that this was a personal injury arising out of and in the course of the claimant's employment by Peach Brothers. The question of specific indemnity for the injury to the eye, was left open pending the report of an eye specialist. It was found that claimant was totally disabled for fifteen weeks and his average weekly . wage $34, and an award was made accordingly. It was further found by the commissioner that at the time of claimant's injury the relation of the Lane Company and Peach Brothers was that of principal employer and contractor, that the former had complied with Part B of Chapter 284, and that while service was being rendered to them by Peach Brothers, the Lane Company deducted from the payments to Peach Brothers certain sums of money to take care of the additional compensation liability with which the Lane Company presumed it was charged by reason of the services rendered by Peach Brothers' employees.

The controlling question presented by this appeal is whether any liability rests upon the Lane Company for this injury under provisions of General Statutes, § 5345, which reads as follows: "When any principal employer procures any work to be done, wholly or in part for him, by a contractor, . . . and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, then such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor."

To render a principal employer liable, it is clear this statute requires (1) that the relation of principal employer and contractor must exist in work wholly or in part for the former, (2) that the work must be in, on or about premises controlled by the principal employer, and (3) that the work be a part or process in the trade or business of the principal employer. The first two of these requirements are fully met by the facts found.

As to the third requirement: What was the work upon which claimant was engaged at the time of his injury? We are told by the finding that while he was working on premises which were under control of the Lane Company and "was repairing an automobile chain" the claimant was injured. If we could assume that this chain was one used on Peach Brothers' truck, we must further assume that the truck was not being used on the principal employer's business at the time, and in the absence of information to the contrary we cannot assume that the Lane Company was at that time paying for the use of it. We do not know whether the repairs on the chain were in fact made on one of the truck chains or even during working hours. It is impossible to hold upon the facts found that the claimant, when he was injured, was engaged in work which was "part or process in the trade or business" of the Lane Company. It follows of necessity that this case has not been brought within the provisions of General Statutes, § 5345. We have heretofore pointed out that to hold the principal employer, these requirements of the statute must be fully met by the facts established. *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 122 Atl. 63.

There is no error.

In this opinion the judges concurred.