RICHARD FOX *vs.* FAFNIR BEARING COMPANY ET ALS.

First Judicial District, Hartford, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

To render a principal employer liable to the employees of a contractor or a subcontractor, the Workmen's Compensation Act (§ 5345 of the General Statutes) requires (1) that the relation of principal employer and contractor exist in work done wholly or in part for the former, (2) that the work be in, on or about premises controlled by the principal employer, and (3) that it be a part or parcel in the trade or business of the principal employer.

The fact that one's employment is of a casual nature does not exclude him from the benefits of the Workmen's Compensation Act under §5388 of the General Statutes unless it is also "otherwise than for the purpose of the employer's trade or business."

Whether a given piece of work is a part or process in the principal employer's trade or business is largely a question of degree dependent for solution upon the facts of the particular case. A helpful, but not necessarily conclusive, inquiry is whether the work is of such a character that it would ordinarily be performed upon the employer's premises by his regular employees.

Generally speaking, work performed under a contract with the principal employer for the making of repairs or additions to his factory buildings is not a part or process of his trade or business; but work which is connected with the maintenance of his buildings in good condition for the manufacturing processes therein conducted, such as the scrubbing of floors, cleaning of offices, or washing of windows, stands upon a different footing, and he is liable to the employee of a contractor who is injured while so engaged.

Argued October 7th, 1927—decided January 6th, 1928.

APPEAL by the defendants from a finding and award of the compensation commissioner for the first district in favor of the plaintiff, taken to the Superior Court in Hartford County and tried to the court, *Marvin, J.;* judgment rendered dismissing the appeal and confirming the award, from which the defendants appealed. *No error.*

*S. Polk Waskowitz,* with whom, on the brief, was *Edward S. Pomeranz,* for the appellants (defendants).

*William M. Greenstein,* for the appellee (plaintiff).

BANKS, J.   The assignments of error for refusal to correct the finding do not call for extended consideration.   In so far as the defendants' motion stated material and operative facts, they were inserted by the commissioner.   His legal conclusions, which were also inserted, had no proper place in the finding, and cannot affect our decision.   The paragraph as to an advertising asset, claimed to have been found without evidence, was, on the contrary, supported by the testimony of the foreman of the defendant employer.   The last paragraph of the finding, to which the defendants object, is not a statement of an operative fact and has no bearing on our discussion of the case.   These assignments of error are not sustained.

The essential facts are simple.   The plaintiff was an employee of one McGrath.   The latter was in the window-cleaning business and entered into a contract with the Fafnir Bearing Company to clean the windows of its factory at a certain price per window.   McGrath at all times had less than five employees and was not subject to the provisions of the Workmen's Compensation Act.   The plaintiff's regular occupation was that of a lineman, but he had not followed that employment for sometime before the injury.   He worked for McGrath October 7th and 8th and the morning of the 9th, which was Saturday.   October 11th and 12th he worked for a truckman and on October 13th again went to work for McGrath.   He did not intend to work as a window-washer regularly.   While so employed in washing a window in one of the factory buildings of the defendant employer, he attempted to raise

Fox *v.* Fafnir Bearing Co.

the window, which had stuck, and in so doing lost his balance and was obliged to jump to the ground below, sustaining a fractured leg in consequence. The defendant employer is engaged in the business of manufacturing ball bearings. Its building is lighted by an artificial lighting system, but windows are necessary for ventilating purposes and that natural daylight and sunlight may enter the building. The window in question was in a room in which were stored ball bearings. The defendant employer is a relatively new corporation and it was necessary to have the windows washed, as a clean and attractive condition of the factory was an advertising asset of the corporation.

It is the claim of the defendants that the relationship of employer and employee, within the meaning of the Compensation Act, did not exist between the plaintiff and the Fafnir Bearing Company because (1) the plaintiff was an employee of McGrath, who was an independent contractor, and (2) his employment was otherwise than for the purposes of the defendant employer's trade or business. The provision of the Act relevant to the first claim reads as follows: "When any principal employer procures any work to be done, wholly or in part for him, by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about the premises under his control, then such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor." General Statutes, § 5345.

This statute requires the concurrence of three conditions, viz., (1) that the relation of principal employer and contractor must exist in work wholly or in part for the former, (2) that the work must be in, on

or about premises controlled by the principal employer, and (3) that the work be a part or process in the trade or business of the principal employer. *Crane* v. *Peach Brothers,* 106 Conn. 110, 113, 137 Atl. 15.

It is conceded that the facts in the present case bring it within the first two of these requirements, but the defendants contend that the washing of windows by the plaintiff was not "a part or process in the trade or business of the principal employer."

In its definition of "employee" the Act provides that the term shall not be construed to include "one whose employment is of a casual nature, and who is employed otherwise than for the purposes of the employer's trade or business." General Statutes, § 5388. It is conceded that the plaintiff's employment was of a casual nature, but the defendants make the same contention here, that in washing windows plaintiff was employed otherwise than for the purposes of the employer's trade or business.

Thus a single question is presented upon this appeal,—was the washing of the windows of the defendant employer's factory a part or process in its trade or business? If it was, it was liable under § 5345 to pay compensation to the same extent as if the work were done without the intervention of the contractor, McGrath, and the plaintiff would clearly be an employee within the definition of § 5388, since if he was doing work which was a part of the employer's business it could not be said that he was employed otherwise than for the purposes of such business.

In *Bello* v. *Notkins,* 101 Conn. 34, 124 Atl. 831, we said (p. 38): "The special purpose of § 5345 is to protect employees of minor contractors against the possible irresponsibility of their immediate employers, by making the principal employer who has general control of the business in hand liable as if he had directly

employed all who work upon any part of the business which he has undertaken to carry on." It in effect extends the definition of employer and employee found in the original Act. *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 122 Atl. 63. In the *Palumbo* case we held that compensation could be recovered from the principal employer when the latter was a building and construction concern and had contracted with an engineering company for the excavation work on a certain job and an employee of the latter was injured while loading a truck in removing loam from the cellar. It is clear enough that this was work which was actually a part or process of the work of a building and construction company. It was work which it was required to do as a part of its business, and which it chose to do by contract rather than by its own men hired for that purpose. On the other hand, we have held, in construing § 5388, that a domestic servant was employed otherwise than for the purposes of the employer's trade or business, which was that of conducting a meat market. *Pallanck* v. *Donovan*, 105 Conn. 591, 594, 136 Atl. 471.

In § 5388, our law follows very closely the language of the British Act, which excludes from its benefits employees of a casual nature and those whose employment is otherwise than "in the course of or for the purpose of his [the employer's] trade or business." This language has been construed in numerous English decisions with results that are far from harmonious, and an English judge has said that it was "one of the most difficult sections of the Act." The diversity of opinion arose for the most part in cases where the work done was by way of improving or repairing the premises used in the business, work essential to the carrying on of the business but not strictly a part of the business itself. Instances which show this di-

versity are: *Hayes* v. *Thompson & Co.*, 6 B. W. C. C. 130; *Spiers* v. *Elderslie S. S. Co.* (1909) 46 Scot. L. R. 893, 2 B. W. C. C. 205; *Alderman* v. *Warren* (1916) W. C. & Ins. Rep. 266, 32 T. L. R. 665, 9 B. W. C. C. 507; *Zugg* v. *Cunningham, Ltd.*, 1 B. W. C. C. 257; *Johnston* v. *Monasterevan General Stores, Ltd.* (1909) 2 Ir. L. R. 108, 42 Ir. L. T. 268, 2 B. W. C. C. 183; *Manton* v. *Cantwell*, L. R. (1920) App. Cas. 781.

A like diversity of opinion has appeared in the decisions of courts construing the Compensation Acts of the various States containing provisions similar to those of our Act. *Bargey* v. *Massaro Macaroni Co.*, 218 N. Y. 410, 113 N. E. 407; *Packett* v. *Moretown Creamery Co.*, 91 Vt. 97, 99 Atl. 638; *O'Boyle* v. *Parker Young Co.*, 95 Vt. 58, 112 Atl. 385; *Maryland Casualty Co.* v. *Pillsbury*, 172 Cal. 748, 158 Pac. 1031; *Globe Ind. Co.* v. *Industrial Acc. Comm.* (Cal.) 187 Pac. 452; *Caca* v. *Woodruff*, 70 Ind. App. 93, 123 N. E. 120; *Holmen Creamery Asso.* v. *Industrial Comm.*, 167 Wis. 470, 167 N. W. 808; *F. C. Gross & Bros. Co.* v. *Industrial Comm.*, 167 Wis. 612, 167 N. W. 809. See also L. R. A. 1916A, 96, 120, 247; L. R. A. 1917D, 147, 151; L. R. A. 1918F, 215, and 19 A. L. R. 739.

No general rule is deducible from the authorities, and it is often a matter of extreme difficulty to decide whether the work in a given case falls within the designation of the statute. It is in each case largely a question of degree and of fact, and it was with that in mind doubtless that in *Manton* v. *Cantwell, supra,* the Lord Chancellor said that it was "neither convenient nor proper to travel beyond the facts of the particular case . . . to lay down general rules to govern cases which may or may not arise hereafter." The decision was not difficult in the *Palumbo* and *Pallanck* cases which we have cited. The facts of the present case bring it much closer to the line between liability and

nonliability.  The business of the defendant employer was the manufacture of ball bearings.  Concededly the plaintiff's work was not a "process" in the art of making ball bearings.  But the business required the defendant employer to maintain and operate a factory with necessary machinery, tools, conveyances, store rooms, offices and other instrumentalities for the production and marketing of its product.  Any work which was an essential part of the maintenance and operation of its factory was a part of its "trade or business," though not a process in the actual work of manufacturing ball bearings.  A helpful, but not necessarily conclusive, inquiry is whether the work in question is of a character that ordinarily would be performed in the factory by its regular employees.  Such a test would ordinarily exclude from the benefits of the Act work performed for one who had a contract with the owners for making repairs or building an addition to the factory building, as in some of the cases referred to above and many others which could be cited.  The plaintiff's work of window-washing was work which had to do with the maintenance of the factory buildings in good condition for the manufacturing processes there conducted, and which could fairly be said to be essential for that purpose—work similar in character to that of scrubbing the floors, cleaning the offices and ordinary janitor work.  Such work is customarily done by regular employees in the daily routine of their duties in the factory.  It is clearly distinguishable from work done in connection with the repair or alteration of the factory buildings.  It is a part of the work of keeping the employer's factory in running condition, and therefore a part of its "trade or business" though not directly connected with any manufacturing process.  To limit the application of § 5345 to work done in the actual process of manufacture would be to adopt a

construction not required or permitted by the language of the Act, and entirely at variance with our settled policy of construing the Compensation Act broadly in order to effectuate its purpose. *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 146, 93 Atl. 245.

"Ordinary janitor work is in the usual course of business of any employer who conducts his business in any building which needs to be cleaned or with machinery which needs occasionally to be shifted." 1 Honnold on Workmen's Compensation, p. 207. In *Walker* v. *Industrial Acc. Comm.* (1918) 177 Cal. 737, 171 Pac. 954, L. R. A. 1918F, 212, it was held that the employment by a boarding-house keeper of a person at intervals to take up carpets and clean walls and windows was "in the usual course of business" of the employer. The defendant cites the case of *American Radiator Co.* v. *Franzen* (Colo., 1927) 254 Pac. 160, in which an employee of a window-cleaning company was injured while washing windows for a radiator company, which the former company had contracted to do for the latter. In a brief opinion the court held that washing windows was not part of the defendant's business within the meaning of the Colorado statute. For the reasons stated we have reached a contrary conclusion in the construction of our Act.

There is no error.

In this opinion the other judges concurred.