ALEXANDRINA FERNANDEZ PASCOAL ET AL. *vs.* CHRIS
MORTENSON ET AL.

First Judicial District, Hartford, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 8th—decided March 2d, 1929.

*George E. Beers,* with whom was *Edward C. Carroll,* for the appellants (defendants Oscar L. Johnson and Standard Accident Insurance Company).

*Ralph O. Wells,* for the appellants (defendants Chris Mortenson and Fidelity and Casualty Company of New York).

*Frank Covello,* with whom was *Victor De Nezzo* and, on the brief, *Francis A. Pallotti,* for the appellees (plaintiffs).

HAINES, J. The appellant-respondent Oscar L. Johnson, as a general contractor, had a contract to build a house in West Hartford for a client covering the entire job and including necessary plumbing and sewer connections. He was subject to the provisions of Part B of Chapter 284 of the General Statutes as amended and had insured his compensation liability with the Standard Accident Insurance Company.

Another of the respondents, Chris Mortenson, took a subcontract from Johnson for certain work on the latter's contract, which subcontract involved the digging of a trench for the sewer connection of the house. Mortenson was also subject to Part B of Chapter 284 of the General Statutes and his liability thereunder was insured with the Fidelity and Casualty Company. While the claimant's decedent was employed in digging the trench, it caved in, causing him injuries from which he died the same day. The commissioner held that the decedent died of a personal injury arising out of and in the course of his employment, and that he was an employee of both Johnson, the principal contractor, and Mortenson, the subcontractor, and awarded compensation to the claimant, dependent widow of the decedent, payable by them and their respective insurers.

The commissioner attached to his finding a memorandum of decision in which, among other things, he said: "While I agree that perhaps the more convenient way would be to make each of the employers herein, through his insurer, pay 50% of the award, in making an award of that kind I feel that I am depriving the claimant of a certain protection in the collection of her claim. . . . In making the award against the employers jointly, the claimant has two strings to her bow." Both Johnson and Mortenson appealed, the former claiming that, upon the facts of the case, he did not incur the liability as principal contractor, which is imposed by General Statutes, § 5345, and that, on the facts found by the commissioner, no award should have been made against him, and the latter claiming that the award should have been several, 50% against each contractor, instead of a full award against them jointly.

The Superior Court held that the case came within the provisions of General Statutes, § 5345, and that the award for the full amount against the contractors jointly was properly made, but held that the Superior Court could not, upon that appeal, decide the respective liabilities of the contractors as between themselves.

The respondent Johnson and his insurer only have appealed from this decision, the main contention disclosed in the reasons of appeal being that the award of the commissioner was erroneous because it did not determine the "ultimate liability" as between the contractors themselves and because it held both contractors "primarily liable"; and, further, that no award should have been made against Johnson, the principal contractor, and finally that the Superior Court had jurisdiction upon the appeal to determine the "ultimate liability" of the contractors as between them-

selves. The comprehensive character of the appeal has been somewhat reduced upon the appellant's brief and argument, the latter stating: "The only question involved is as to the respective relations to the liability of the two sets of respondents." Nowhere in the brief or argument do we discover a claim that the respondent Johnson is without liability in this case. On the contrary, the claim seems to be only that while both contractors may be primarily responsible to the claimant, yet as between themselves the immediate employer, Mortenson, should bear the initial obligation to pay the award and that the principal contractor, Johnson, should only be responsible as surety in the event that Mortenson does not pay; and it is urged that the commissioner should have thus defined the mutual responsibilities in his award, and the Superior Court having declined to so order, that this court should now do so.

The brief and argument in behalf of the respondent Mortenson, on the other hand, is confined to the claim that the case comes within the terms of General Statutes, § 5345, stating the "fundamental" issue to be whether the principal contractor is "primarily liable to such employee and to the same extent as the subcontractor." Though the claims made are therefore somewhat at cross-purposes, we shall discuss what seem to us the controlling features of the case.

The effect of General Statutes, § 5345, which was made a part of the Compensation Act in 1913, was to broaden the definition of the terms "employer" and "employee" as they were defined in the original Act, and its purpose was to extend the remedy which the Act sought to furnish in the case of industrial accidents, so that thereafter the workman should be considered the "employee" not only of the immediate employer but of the principal employer as well. The

latter by his voluntary acceptance of Part B of the Act becomes, for the purposes of the Act, the employer of all those workmen engaged in his undertaking who come within the terms of this section. General Statutes, § 5345; *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 358, 122 Atl. 63; *Douthwright* v. *Champlin*, 91 Conn. 524, 100 Atl. 97.

We have held that to render a principal contractor liable under the terms of this section, three conclusions of fact must be reached: (1) that the relation of employer and contractor exists, in work wholly or in part for the former; (2) that the work is in, on or about premises controlled by the principal contractor, and (3) that the work is a part of the process in the trade or business of the principal contractor. *Crane* v. *Peach Brothers*, 106 Conn. 110, 113, 137 Atl. 15; *Fox* v. *Fafnir Bearing Co.*, 107 Conn. 189, 191, 139 Atl. 778. The facts found in the present case clearly bring it within these requirements and render the principal contractor, Johnson, and his insurer, subject to the provisions of General Statutes, § 5345.

Both Johnson and Mortenson were thus the "employers" of the decedent. The award was made against them jointly, no distinction being made as to liability. We think the award was correctly made, since the statute recognizes no distinction: "such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor." General Statutes, § 5345.

It would have violated the plain intent as well as the language of this statute had the award conditioned the obligation of the principal contractor, Johnson, in any way. The right of the claimant to an award being established, the obligation of the principal contractor to see that it was paid was the same as it would have been

had the subcontractor, Mortenson, not been present in the situation. An award by which Johnson had been required to pay but 50% of the sum due, or one by which his liability was conditioned upon the failure of Mortenson to pay, would clearly have been erroneous.

In the *Palumbo* case, *supra,* the claim was urged that the principal contractor was not liable under the terms of this statute unless the claimant first established his remedy against his immediate employer, and we said (p. 365): "The terms of the section do not countenance such a limitation upon its use; whenever an injured employee of a subcontractor receives a compensable injury he may pursue his remedy against his immediate employer or any one or more principal employers as thus defined, or against all in one proceeding. . . . Each contractor . . . and his immediate employer is a principal employer as to the injured workman"; and this was affirmed in both the *Crane* and *Fox* cases, *supra.* We deem it too clear for further discussion that an award under this Act can make no distinction in liability to the claimant as between contractors and that the award as made and confirmed by the Superior Court was correct.

This is conclusive of the present appeal unless there is validity in the claim of the appellant Johnson, that the respective rights and liabilities of the principal contractor and the subcontractor, as to each other, should have been passed upon and determined by the commissioner and the Superior Court. His contention seems to be that even though both are liable to the claimant without distinction, yet as between themselves, the obligation rests primarily upon the immediate employer and the principal employer occupies the position of a surety, only.

This matter is not discussed in the brief of the re-

spondent Mortenson, but the claim was made in argument that the question is not raised by this appeal, and this is the fact. The memorandum filed by the commissioner, which does discuss this point, was not a part of and had no legal effect upon the award, nor could it in any way affect its operation. It decides no question of law and can serve no purpose as the basis of an appeal. It therefore presented no question to the Superior Court and presents none to this court, which we are called upon to determine upon this appeal, and the situation is not changed even though, as appellant urges, "all parties invited the consideration of the question" and though "both sides argued the matter before the commissioner and the Superior Court and by their attitude asked the tribunal to take jurisdiction."

There is no error.

In this opinion the other judges concurred.