ARVID CARLSON *vs.* CHARLES G. MILLER ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 5th—decided May 1st, 1934.

*Donald Gaffney,* for the appellant (plaintiff).

*DeLancey S. Pelgrift,* for the appellee (defendant).

HAINES, J. The defendant was in the business of selling meats, vegetables and fruits, and engaged the plaintiff as an employee and not as independent contractor, to erect a stand upon which to display his goods. The plaintiff was using the employer's saw in cutting lumber for this stand when he was injured by the saw. The commissioner held that the plaintiff was a casual employee but that the work he was doing was "for the purposes of the employer's trade or business" and within the meaning and intent of General Statutes, § 5223, and awarded him compensation, but upon defendant's appeal the Superior Court ruled that the work was not of that character, sustained the appeal and set aside the award, and the plaintiff then appealed to this court. The correctness of the latter ruling is the only question presented by this appeal.

The relevant portion of § 5223 reads: " 'Employee' shall mean any person who has entered into or works under any contract of service or apprenticeship with an employer . . . but said term shall not be construed to include (a) an outworker or (b) one whose employment is of a casual nature, and who is employed otherwise than *for the purposes of the employer's trade or business.*"

Throughout the record and in argument, frequent reference is made to another statute, § 5230, which is entitled and reads as follows: "PRINCIPAL EMPLOYER, CONTRACTOR AND SUBCONTRACTOR. When any principal employer shall procure any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done shall be *a part or process in the trade or business* of such principal employer, and shall be performed in, on or about premises under his control, then such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the

work were done without the intervention of such contractor or subcontractor." Compensation Acts in many other jurisdictions contain language of more or less similar import to that we have italicized in quoting our own statutes and we are referred to many decisions in such jurisdictions, which, however, are not greatly helpful because of variations in statutory phraseology and context and in the factual set-up of the questions involved.

There have been three decisions of this court dealing more or less directly with the interpretation of these terms. In *Pallanck* v. *Donovan,* 105 Conn. 591, 136 Atl. 471, the plaintiff was injured while employed at housework in the home of the employer whose business was conducting a meat market. It was there held that the work being done by the plaintiff was not "for the purpose of that business."

In *Fox* v. *Fafnir Bearing Co.,* 107 Conn. 189, 139 Atl. 778, the plaintiff's injury occurred while cleaning the windows of the defendant's factory building. The defendant had contracted with M to do this work at a certain price per window and the plaintiff was engaged in this work as an employee of M. The defendant's business was the manufacture and sale of ball bearings. This work was being done under a contractor, and the case involved the meaning of the provision of § 5345 of the Revision of 1918, now § 5230. The respondent contended that the plaintiff had failed to establish his right under that statute in one particular, viz.: that it was not shown that the work he was doing was "a part or process in the trade or business" of the company. See *Crane* v. *Peach Brothers,* 106 Conn. 110, 113, 137 Atl. 15. We cited many decisions under the British and other Compensation Acts to illustrate the inharmony of view in various courts as to the scope and meaning of similar provisions, and to enforce the

conclusion that no general rule of interpretation applicable in all cases was deducible from the authorities. We pointed out that, for the most part, this diversity of view arose in cases where the work being done was by way of repairing or improving the premises used in the business—work essential to the purposes of the business though not strictly a part of the business itself. The defendant's business required it to maintain and operate its factory with necessary instrumentalities for the production and marketing of ball bearings, and while the cleaning of the windows of the factory was not a "process" in the making of ball bearings, yet it and other work "which was an essential part of the maintenance and operation of its factory was a part of its 'trade or business'." In decreeing compensation to the plaintiff in that case, we looked upon the cleaning of the windows as a work of maintenance and, fairly considered, as an essential, such as the cleaning of the floors and ordinary janitor work, customarily done in the daily routine by the defendant's regular employees, and distinguishable generally from repair or alteration of the factory buildings, citing Honnold on Workmen's Compensation, Vol. 1, p. 207, and *Walker* v. *Industrial Acc. Com.* (1918) 177 Cal. 737, 171 Pac. 954, L. R. A. 1918F, p. 212.

The third case was that of *Bogoratt* v. *Pratt & Whitney Aircraft Co.,* 114 Conn. 126, 157 Atl 860, where the plaintiff, a painter, was injured by coming in contact with an electric power wire. His employer had contracted with the company to paint its buildings then in course of construction, and the wires had been installed by an electrical contractor and accepted by the company. We held that the construction of the buildings was not "a part or process in the trade or business" of the company.

The memorandum of decision of the trial court in

the instant case shows that its conclusion was rested in part upon two cases as precedents, (1) the *Fox* decision, which was interpreted as declaring a distinction between janitor work and the work of constructing buildings, and (2) upon the Pennsylvania case of *Blake* v. *Wilson*, 268 Pa. St. 469, 112 Atl. 126, where one injured in roofing and painting a silo for a farmer was denied compensation in part upon the ground that his work was not "in the regular course of the business of the employer," a more restrictive clause than that in § 5223 of our statutes.

The references we have already made to the *Fox* decision are sufficient to show that the trial court's interpretation of it was somewhat too narrow, and the Pennsylvania Act is not so closely analogous to our own that cases cited under it are of much assistance to us. Nor is there a controlling analogy between the building of a silo and the use of the employer's saw to cut lumber for a fruit stand for the display of the employer's goods. The building of the silo was in the nature of building construction, and there is little difficulty in holding, as was done in the *Bogoratt* case, that such work was not within § 5230 of our statutes.

The trial court appears to have assumed that there was an essential identity of meaning between the quoted portions of our statutes, but we are not prepared to concur in that view. Though each case must, in the nature of the question, be decided with reference to the particular facts involved, it is not difficult to conceive of work which, though clearly not "a part or process" of the employer's business, is, nevertheless, strictly "for the purposes" of that business. This distinction is drawn in *Hockley* v. *West London Timber & Joinery Co.*, L. R. (1914) 3 K. B. 1013, where the plaintiff was injured while bringing into the defendants' yard and stacking timber which his immediate

employer, a contractor, had undertaken to move from the docks to the yard. The defendant was a manufacturer of wooden mouldings and had imported this wood which was to lie in its yard to season before being used. Lord Couzens-Hardy, Master of the Rolls, said that the plaintiff's work was something incidental and reasonably necessary for the purpose at a later stage of the manufacture, but was not anything undertaken by the principal within the meaning of this section.

So also, in *Ringwood* v. *Grand Trunk Pacific Ry. Co.*, 7 Alberta L. R. 226, 17 D. L. R. 202, where a contractor had undertaken to put gravel on the approaches of the defendant's railway tracks to the highways and one of his employees was injured in doing that work, Chief Justice Harvey said that the plaintiff's work was "for the purposes" of the railway company but not work in the way of the company's business, which was the running of trains.

It is to be noted that the benefits of the Compensation Act under § 5223 are for the employees of the principal, while § 5230 is for the employees of a contractor. It is not an unfair inference that the legislature intended to give the principal's own employees a broader claim upon him, than it felt the employees of a contractor should have. This view finds some support in the fact that in enacting the latter statute while the former was already in force, it did not adopt the language of the older statute, as it would naturally have done if the intent were to give the same scope to the employee's rights, but used terms of more restricted application.

In the instant case, one of the important features of the defendant's business was the promotion of sales, and the display of goods upon the stand was strictly a part or process in that department of the business.

The sawing of the lumber for this stand, a minor operation, while not perhaps strictly a part of the display, was clearly for the purpose of this feature of the defendant's business. We feel that the case comes within the terms of General Statutes, § 5223, and that the plaintiff is entitled to compensation.

There is error; the cause is remanded with direction to the Superior Court to dismiss the appeal and affirm the award of the commissioner.

In this opinion the other judges concurred.