EVA C. CRAIG
vs.
WILLIAM E. McCRAIN, INC., ET ALS.
(Appeal from Compensation Commissioner)

Superior Court      Fairfield County      File #46396

Present: Hon. ALFRED C. BALDWIN, Judge.

Tammany & Connery,      Attorneys for the Plaintiff.
Campner, Pouzzner & Hadden,
Lavery & Finklestone,
Campion & Watrous,      Attorneys for the Defendants.

MEMORANDUM FILED MARCH 12, 1935.

BALDWIN, J.   This is an appeal by the Petroleum Heat & Power Company and its insurer and The Vuno Construction Company and its insurer from the finding and award of the Compensation Commissioner for the Fourth Congressional District, under which compensation was awarded to the claimant for injuries resulting in the death of her husband, with whom she was living and upon whom she was dependent at the time of his injury.

The Petroleum Heat & Power Company manufactures oil burners and fuel oil and uses tanks upon its property for the storage of oil as a necessary part of its business.   The Vuno Construction Company had a contract with the Petroleum Heat & Power Company providing for the furnishing of labor and materials necessary for certain work required in connection with the construction of such tanks.

William E. McCrane, Inc., had a sub-contract with the

Vuno Construction Company for the performance of certain of the work under the contract of the Vuno Construction Company with the Petroleum Heat & Power Company and the decedent had a contract of employment with William E. McCrane, Inc., for services under the McCrane sub-contract.

Thus we have the Petroleum Heat & Power Company as employer, the Vuno Construction Company as original contractor, William McCrane, Inc., as sub-contractor and the decedent the immediate employee of the sub-contractor.

The Commissioner awarded ompensation to the claimant against all of the defendants under the provisions of **Section 5230** of the General Statutes.

There is no question of fact raised in the case, nor that the injury was compensable. It is conceded that each defendant is subject to the provisions of Part B. of our Compensation Act, and that each defendant had fully insured its liability. The sole question is the question of law raised by the appellants, the Petroleum Heat & Power Company and the Vuno Construction Company and their respective insurers, that the Commissioner erred in awarding the claimant compensation as against all of the defendants. In other words, that the award should have been against the defendant William E. McCrane, Inc., only.

**Section 5230 of the General Statutes** provides:

"When any principal employer shall procure any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done shall be a part or process in the trade or business of such principal employer, and shall be employed in, on or about the premises under his control, then such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or sub-contractor."

In **Palumbo vs. Fuller, 99 Conn. 353, 122 Atl. 63**, the claim was made that no liability can arise under this section of the statute against the principal employer unless the claimant has exhausted his remedy against his immediate employer and his insurer, if any. The Supreme Court discussing this claim, at page 365, said:

"The terms of the section do not countenance such a limitation upon its use; whenever an injured employee of a sub-contractor receives a compensable injury he may pursue his remedy against his immediate employer or any

one or more principal employers as thus defined, or against all in one proceeding. Where there is an original contractor and a consecutive chain of sub-contractors down to the workman receiving a compensable injury, each contractor in such chain and his immediate employer is a principal employer as to the injured workman under Section 5345." (Section 5345 is now Section 5230.)

See also Crane vs. Peach Bros. 106 Conn. 110, 137 Atl. 15; Fox vs. Fanfair, 107 Conn. 189, Atl. 778; Pascal vs. Mortenson, 109 Conn. 39, 145 Atl. 149.

The question before the Compensation Commissioner and upon this appeal relates to the right of the claimant to an award against the several defendants under the statute.

In Pascoal vs. Mortenson, supra, at page 42, the court said:

"The effect of General Statutes, Section 5345 (Now Sec. 5230), which was made a part of the Compensation Act in 1913, was to broaden the definition of the terms 'employer' and 'employee' as they were defined in the original Act, and its purpose was to extend the remedy which the Act sought to furnish in the case of industrial accidents, so that thereafter the workman should be considered the 'employee' not only of the immediate employer but of the principal employer as well."

Counsel call attention in their briefs to Johnson vs. Mortenson, 110 Conn. 221. In this case the plaintiff Johnson and the defendant Mortenson were, both, defendants in the case of Pascoal vs. Mortenson, Supra. Johnson was the principal contractor and Mortenson was a sub-contractor of Johnson's and Pascoal was an employee of Mortenson's. In this case the court, at page 225, said:

"In Witchekowski vs. Falls Co., 105 Conn., 737, 741, 136 Atl. 565, it was held that 'for the commissioner to attempt to determine . . . . which of two insurers is liable for payments already made by the employer was clearly to exceed his jurisdiction'—citing Hargreaves vs. Shelvin Mfg. Co., 179 N. Y. App. Div. 477, 165 N. Y. Supp. 960. It appears that equal impropriety would characterize determination of the question of ultimate liability between contractor and sub-contractor, as to which no rule is afforded by the statute which confers the commissioner's jurisdiction but marks its limitation."

The Johnson vs. Mortenson case, supra, was decisive of the question which appellants here would have had the commissioner decide and which, as we have seen, he had no authority

to decide, nor can this court in this action decide that question. As was held in that case, page 225:

> "The better view and practice of the compensation commissioners appears to have been to regard their jurisdiction as limited to determination of the right of the employee to compensation and as to who is liable therefor to such claimant, leaving the rights and liabilities between those held jointly liable to the claimant to 'be worked out in such proceedings, among themselves, as may be brought for the purpose'."

The Commissioner did not err in his finding and award. The appeal may be dismissed and the award affirmed.